KATHRYN N. NESTER, Federal Public Defender (#13967)
ROBERT L. STEELE, Assistant Federal Public Defender (#5546)
ADAM G. BRIDGE, Assistant Federal Public Defender (#14552)
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

___

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MARK ROBERT PENMAN, Defendant. | **DEFENDANT'S MOTION TO CONVERT SENTENCING HEARING TO HEARING ON THE GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT** Case No. 1:15 CR 57 RJS Honorable Robert J. Shelby |

Mark Robert Penman, through his counsel, moves to convert his sentencing hearing—currently set for December 14, 2016—to a hearing on the government's objections to the Presentence Report. *See* Dkt. No. 45, United States' Position on Sentencing Factors. For the first time, the government seeks a fifteen-year minimum mandatory sentence under the Armed Career Criminal Act, which threatens to unravel Mr. Penman's guilty plea and derail the Court's sentencing proceedings.

Defense counsel started analyzing the possible application of the ACCA in July 2016. Attempts were made to settle the case to avoid the issue, but no settlement could be reached and

the parties prepared for trial.  Defense counsel eventually concluded that Mr. Penman's prior convictions aren't ACCA predicates.  Defense counsel shared their conclusion—and their underlying rationale—with the government during the final stages of the parties' plea negotiations.  The government acknowledged receipt of an email containing that rationale and drafted a Statement in Advance reflecting a ten-year statutory maximum—a tacit acknowledgement (or so it seemed) that the government agreed with defense counsels' position on the ACCA.  More importantly, Mr. Penman entered a guilty plea believing the ACCA did not apply to him after the government stood up and announced that he faced a ten-year maximum during the change of plea hearing.

Now, on the eve of sentencing, the government offers a one-paragraph objection saying Mr. Penman is subject to the ACCA.  Mr. Penman deserves a clear ruling on this issue now because it threatens the integrity of his plea.  He also deserves a sentencing hearing that focuses on the sentencing factors set forth under 18 U.S.C. § 3553, not a legalistic oral argument about a mandatory sentencing law that makes those factors virtually irrelevant.

For these reasons, Mr. Penman requests that the December 14, 2016 sentencing hearing be converted to a hearing—an oral argument—on the government's objections to the Presentence Report.  Defendant further requests leave to file a response to the Government's pleading no later than Monday, December 5, which will give the government sufficient time to file a reply before the hearing.

DATED this 29th day of November, 2016.

    / s / *Robert L. Steele*
ROBERT L. STEELE
Assistant Federal Defender


    / s / *Adam G. Bridge*
ADAM G. BRIDGE
Assistant Federal Defender